| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS)

DEFENDANT YUFEN SHEN'S MOTION TO STRIKE PORTIONS OF COMPLAINT (Dkt. 12, filed May 18, 2017)

DEFENDANT YUFEN SHEN'S MOTION TO DISMISS (Dkt. 14, filed May 18, 2017)

The Court finds these motions appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the hearing date of June 26, 2017 is vacated, and the matters are hereby taken under submission.

## I. INTRODUCTION

Plaintiff Aluminicaste Fundicion De Mexico S. De RL De CV initiated this action against defendants Yufen Shen[1] and Po Chi "Eric" Shen on March 22, 2017, asserting five claims: (1) conversion, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) unjust enrichment, and (5) money had and received. Dkt. 1. ("Compl."). As to the second, third, and fourth claims, plaintiff alleges that Yufen Shen aided and abetted Eric Shen's allegedly unlawful acts. Id. at 7–9. Plaintiff asserts its claim for money had and received against Yufen Shen alone. Id. at 9.

---

[1] The complaint lists the moving defendant's first name as "Yu Fen," however, the instant motions state that the moving defendant's name is spelled "Yufen." Thus, the moving defendant is referred to by her self-professed first name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

On May 18, 2017, Yufen Shen (the "moving defendant") filed a motion to strike portions of the complaint that allegedly refer to privileged material. Dkt. 12 ("MTS"). Specifically, the moving defendant seeks to strike information that she alleges plaintiff obtained from Mr. and Ms. Shen's tax returns, which were produced in the course of a suit before a federal district court in Texas in which only Mr. Shen is named as a defendant. Id. at 2–3. Ms. Shen asserts that the allegations in paragraphs 6, 8, 15, 22, and 30 of plaintiff's complaint are based on her allegedly privileged tax returns, and thus seeks to strike those paragraphs under Federal Rule of Civil Procedure 12(f). Id. at 7. Also on May 18, 2017, the moving defendant filed a motion to dismiss plaintiff's complaint against her on the grounds that plaintiff's claims are barred by the applicable statutes of limitations. Dkt. 14 ("MTD"). The moving defendant also argues that plaintiff fails to sufficiently plead several elements of its second and third claims. Id. On June 2, 2017, plaintiff filed oppositions to both motions. Dkts. 18 ("Opp'n to MTD"), 19. On June 12, 2017, the moving defendant filed replies in support of her motions. Dkts. 23, 24.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.  BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is an aluminum manufacturing and production company organized under the laws of Mexico "as a Sociedad de Responsabilidad Limitada de Capital Variable," headquartered in San Jose Iturbide, Guanajuato, Mexico. Compl. at 2. Yufen Shen is a resident of California and the former wife of co-defendant Eric Shen. Id. Mr. Shen has not joined in either of Ms. Shen's motions. In 2011 and 2012, Mr. Shen was an employee of Scuderia Capital Partners, Inc. ("Scuderia"), a U.S. company based in Orange County, California. Id. While working for Scuderia, Mr. Shen was responsible for the oversight and management of certain aspects of plaintiff's business operations, including making expenditures concerning the construction of an aluminum foundry in Mexico. Id. at 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Plaintiff alleges that in 2011, Mr. Shen was responsible for an unspecified number of unauthorized wire transfers, totaling at least €625,000, amounting to more than $850,000, to a bank account at HSBC in Taiwan, in the name of Yufen Shen. Id. at 4. Plaintiff alleges that at least two of the wire transfers came from its Deutsche Bank account: the first on or around September 6, 2011, and the second on or around October 6, 2011. Id. Mr. Shen did not report or disclose to plaintiff any of the transfers from the plaintiff's account to Ms. Shen's account, nor did he account for the transfers in plaintiff's books. Id. No consideration was provided for the transfers, and plaintiff alleges that Mr. Shen's intentionally concealed the transfers. Id.

During the period when Ms. Shen was receiving the transfers, she was employed by the U.S. Internal Revenue Service ("IRS"). Id. at 2. Plaintiff alleges that as a U.S. citizen, Ms. Shen was obligated by law to file Reports of Foreign Bank and Financial Accounts with respect to her HSBC account in Taiwan, and that she failed to do so. Id. at 4. Ms. Shen failed to report any income on the Taiwan account to the IRS, in violation of federal law. Id. According to plaintiff, these two omissions were part of an intentional effort by Ms. Shen to conceal the illicit transfers that Mr. Shen was directing to her Taiwan account, and "to further [Mr. Shen's] plan to defraud Plaintiff and steal Plaintiff's funds." Id. Plaintiff alleges that both defendants personally profited from the transfers, with the funds being used for "household expenses," and for Ms. Shen's "personal enjoyment." Id. at 5.

Plaintiff discovered the transfers that Mr. Shen directed from plaintiff's accounts to his then wife's Taiwan account until 2016, "after [plaintiff] began a comprehensive review of its financial records upon discovering other misconduct by Eric Shen." Id. at 2. Plaintiff alleges that the transfers went undiscovered for so long because defendants were engaged in "continuous efforts to conceal" their existence. Id. at 5.

### III. Legal Standards

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV. Discussion

The moving defendant argues that plaintiff's five claims are barred by the applicable three-year statutes of limitations, and thus, that they should be dismissed for failure to state a claim on which relief may be granted. MTD at 5–6. Because plaintiff alleges that the transfers giving rise to this suit occurred in 2011, the moving defendant contends that the statutes of limitation ran in 2014. Id. at 6. In response, plaintiff argues that under California's discovery rule, the relevant statutes of limitations did not begin to run until some point in 2016, when plaintiff discovered the transfers from plaintiff's bank account to Yufen Shen's bank account in Taiwan. See generally Opp'n to MTD.

The Court finds, and plaintiff does not contest, that absent application of the discovery rule, the limitations period for each of plaintiff's claims is three years. See Cal. Code Civ. Proc. § 338(c) (three-year statute for an "action for taking, detaining, or injuring goods or chattels," such as conversion); Cal. Code Civ. Proc. § 338(d) (three-year statute of limitations for "an action for relief on the ground of fraud or mistake"); American master Lease LLC v. Idanta Partners, Inc., 225 Cal. App. 4th 1451, 1479 (2014) (three-year statute of limtiations for aiding and abetting a breach of fiduciary duty when the claim sounds in fraud or deceit); FDIC v. Dintino, 167 Cal. App. 4th 333, 348 (2008) (Cal. Code Civ. Proc. § 338(d)'s three-year statute of limitations applies in actions for unjust enrichment when the "action for relief is grounded in fraud or deceit"); Witkin, Cal. Code Proc. 5th Actions § 656 (2008) (Cal. Code Civ. Proc. § 338(d)'s three-year statute of limitations applies in an action for money had and received when the money was obtained by fraud or mistake). The Court therefore considers whether plaintiff is entitled to rely on the discovery rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Under California law, "[a]n exception to the general rule for defining the accrual of a cause of action—indeed, the 'most important' one—is the discovery rule." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999) (citation omitted). The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 397; accord Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 920 (Cal. 2005). More specifically, "in actions where the rule applies, the limitations period does not accrue until the aggrieved party has notice of the facts constituting the injury." E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1318. "Notice may be actual or constructive." Id. For purposes of California's discovery rule, "constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [its] investigation (such as *public records* or corporation books), the statute commences to run." Cruz v. Bank of New York Mellon, 14-cv-1605-GW, 2015 WL 12781226 (C.D. Cal. Jan 6, 2015) (citing Parsons v. Tickner, 31 Cal. App. 4th 1513 (1995)).

As the California Supreme Court explained in Fox:

> to rely on the discovery rule for delayed accrual of a cause of action [at the pleading stage], "[a] plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.

110 P.3d at 920–21 (citing McKelvey v. Boeing N. Am., Inc., 74 Cal. App. 4th 151, 160 (1999)); see also Grisham v. Philip Morris U.S.A., Inc., 151 P.3d 1151, 1159 (Cal. 2007) (same). Furthermore, "[i]n assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence[.]'" Fox, 110 P.3d at 921 (citing McKelvey, 74 Cal. App. 4th at 160).

The first prong of the discovery rule "requires plaintiffs to allege 'facts showing the time and surrounding circumstances of the discovery of the cause of action upon which they rely.'" E-Fab, 153 Cal. App. 4th at 1324 (citing Bennet v Hibernia Bank, 305 P.2d 20, 35 (Cal. 1956)). "The purpose of this requirement is to afford the court a means

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is, whether plaintiffs actually learned something they did not know before." Id. Courts generally find that the first prong is satisfied when the plaintiff alleges that discovery occurred during a specific month or on a specific date, based on information obtained from a specific third party source. See, e.g., Eidson v. Medtronic, Inc., 40 F. Supp. 3d 1202 (N.D. Cal. 2014) (finding that plaintiff adequately pleaded time and manner of discovery where plaintiff alleged that he discovered the source of his injury in April, 2012, when his mother saw a commercial regarding the drug that had allegedly injured him); Quesada v. Banc of America Inv. Servs., Inc. No. 11-cv-1703-EMC, 2012 WL 34228 (N.D. Cal. Jan. 6, 2012) (concluding that plaintiff adequately pleaded time and manner of discovery where plaintiff alleged that he discovered his injury in "early January of 2011," when his counsel received a detailed letter from a third party who self-identified as an employee of the defendant, specifying plaintiff's injury, and the plaintiff's counsel informed the plaintiff a few days after that).

Here, plaintiff alleges that it discovered the unlawful transfers at an unspecified point in 2016. Compl. at 16. In addition, plaintiff alleges that this discovery occurred after it "began a comprehensive review of its [*own*] financial records upon discovering other misconduct by Eric Shen." Id. at 2 (emphasis added). However, plaintiff has not alleged *how* it first learned of Mr. Shen's "other misconduct," *when* in 2016 plaintiff discovered the allegedly illicit transfers, or *how* it discerned that the transfers were improper. The California Supreme Court has repeatedly affirmed that it requires a plaintiff seeking to rely on the discovery rule to "specifically plead" the time and manner of discovery. See Grisham, 151 P.3d at 1159; Fox, 110 P.3d at 921; see also Plumlee v. Pfizer, Inc., 664 F. App'x 651, 653 (9th Cir. 2016) (applying the Grisham standard). Plaintiff appears to argue for the application of a less stringent standard, relying in part on Luria v. Wolff, 15-cv-9191-RSWL-GJS, 2016 WL 1449536, at *5 (C.D. Cal. Apr. 11, 2016). See Opp'n to MTD at 6. However, the Luria court addressed a *statutory* discovery rule found in California Civil Code § 3439.09(a). This statute addresses transfers made or obligations incurred by an insolvent debtor and the Luria court noted that the California Supreme Court and California Courts of Appeal had not construed the relevant provision. Id. at *4. Thus, Luria does not apply to California's *common law* discovery rule, which the California Supreme Court has explicitly addressed, requiring that plaintiffs specifically plead the time and manner of discovery. Plaintiff also relies on Peel v. BrooksAmerica Mortg. Corp., 788 F. Supp. 2d 1149 (C.D. Cal. 2011), in which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

the court concluded that "Plaintiffs' allegations that Defendants committed fraud by omitting material information from the Loan Documents for the subject loans [were] sufficient to invoke the tolling operation of the statute until the discovery of the fraud." Id. at 1163. The facts in Peel are distinguishable because, here, plaintiff does not allege that defendants removed information from plaintiff's bank records so that plaintiff could not have discovered the transfers, or that plaintiff's financial records were otherwise inaccessible. Accordingly, the Court finds that plaintiff fails to specifically plead the time and manner of discovery.

The second prong of the discovery rule requires plaintiffs to show "the inability to have made earlier discovery despite reasonable diligence." Fox, 110 P.3d at 921. "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." Id. at 920. "[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] *on inquiry* or if they have *the opportunity to obtain knowledge* from sources open to [their] investigation." Id. (citations and quotation marks omitted). Once the plaintiff becomes aware of an injury, he or she is "required to conduct a reasonable investigation" into the cause of the injury, and is "charged with knowledge of the information that would have been revealed by such an investigation." Id.

While a plaintiff must show diligence in order to rely on the discovery rule, "[t]he existence of a trust relationship limits the plaintiff's duty of inquiry. Thus, when a potential plaintiff is in a fiduciary relationship with another individual, that pla[i]ntiff's burden of discovery is reduced and he is entitled to rely on the statements and advice provided by the fiduciary." WA Southwest 2, LLC v. First Am. Title Ins. Co., 240 Cal. App. 4th 148, 157 (2015) (quotation marks omitted). However, even when a fiduciary relationship exists, "*this does not mean that plaintiffs* [*have*] *no duty* of inquiry if they [are] put on notice of a breach of such a duty." Id. (emphasis added). In WA Southwest, the court held that the plaintiffs failed to exercise reasonable diligence in discovering their injury, despite defendants' fiduciary duty to plaintiffs. 240 Cal. App. 4th at 157. There, the plaintiffs alleged that they only become aware of the "risky nature" of investments they had made with the defendants after speaking with taxation and accounting experts at least six years after the investments were made. Id. at 156–57 However, the WA Southwest court found the discovery rule inapplicable because "the private placement memorandum provided to plaintiffs prior to their investments clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

disclosed the . . . risky nature of the investments," and "[r]easonable diligence in such circumstances does not consist of ignoring a private placement memorandum received prior to making an investment." Id. at 157; see also Schneidereit v. San Luis Capital, Inc., 12-cv-8253-PSG, 2013 WL 12137837 at *6–7 (C.D. Cal. Jan. 16, 2013) (granting motion to dismiss where the plaintiffs failed to allege facts showing that they were not on notice of information in loan documents that the plaintiffs acquired six years before filing suit, despite the fact that the defendants owed the plaintiffs a fiduciary duty); Agape Family Worship Ctr., Inc. v. Gridiron, No. 15-cv-1465-ODW, 2016 WL 3003207, at *3, *4 (C.D. Cal. May 24, 2016) (granting motion to dismiss and finding the discovery rule inapplicable where plaintiff alleged "*no* diligence at all" in discovering that the defendant had allegedly stolen almost $5 million from the plaintiff's bank account over the course of seven years, despite the fact that the defendant was in charge of managing the plaintiff's finances and "had earned the trust of [plaintiff]").

Here, plaintiff alleges that Mr. Shen owed plaintiff a fiduciary duty, and that it did not discover the alleged transfers until 2016, approximately five years after they occurred. Compl. at 5, 8. However, plaintiff also alleges that it discovered the transfers upon review of its *own* financial records. Id. at 2, 5. Under the discovery rule, a statute of limitation begins to run not only when a plaintiff acquires actual knowledge of its injury, but also when it "has, or should have, inquiry notice of [a] cause of action." Fox, 35 Cal. 4th at 807. Plaintiff fails to allege when it acquired the "various bank records," and "financial records" that revealed the transfers and when it became aware of Mr. Shen's "other misconduct." However, plaintiff does not dispute that it acquired the relevant bank records more than three years prior to filing suit. Plaintiff does not assert that it relied on any representations made by Mr. Shen in his capacity as plaintiff's fiduciary. Finally, plaintiff does not specify any reason that it could not have discovered the allegedly unlawful transfers during the three-year limitations period. "A person in a fiduciary relationship may relax, but not fall asleep." Alfaro v. Cmty. Hous. Imp. Sys. & Planning Ass'n, Inc., 171 Cal. App. 4th 1356, 1394 (2009), as modified on denial of reh'g (Mar. 18, 2009). "Plaintiff[] may not . . . invoke delayed discovery with mere conclusory allegations that [it] did not know of the wrongdoing before [2016]." See Schneidereit, 2013 WL 12137837, at *7. Even taking as true plaintiff's allegation that Mr. Shen and plaintiff were in a fiduciary relationship, the Court concludes that plaintiff does not adequately allege "the inability to have made earlier discovery despite reasonable diligence." See Fox, 110 P.3d at 921.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV17-2255-CAS(JCx) | Date | June 22, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Accordingly, the Court finds that plaintiff is not entitled to rely on the delayed discovery rule and concludes that plaintiff's claims are time-barred. Plaintiff's claims are hereby **DISMISSED** without prejudice. Plaintiff may amend its complaint to allege facts showing that it is entitled to delayed discovery, in accordance with the foregoing.

Because the Court has concluded that plaintiff's claims are time-barred, the Court need not address the sufficiency of plaintiff's claims for breach of fiduciary duty and fraudulent concealment. In addition, because the Court dismisses plaintiff's complaint, the moving defendant's motion to strike is **DENIED** as moot.

## V.   CONCLUSION

In accordance with the forgoing, the Court **GRANTS** Yufen Shen's motion to dismiss plaintiff's claims as time-barred under the relevant statutes of limitation. Plaintiff's complaint is hereby **DISMISSED** without prejudice. Moving defendant's motion to strike is **DENIED** as moot.

Plaintiff shall have **fourteen** (**14) days** from the date of this order to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CL |