UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Laura Elias | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Daniel Saunders

Attorneys Present for Defendants:

Jason Liang

Kevin Scott

**Proceedings:** DEFENDANT ERIC SHEN'S MOTION TO DISMISS (Dkt. 30, filed July 27, 2017)

DEFENDANT YUFEN SHEN'S MOTION TO DISMISS (Dkt. 33, filed July 27, 2017)

## I. INTRODUCTION

Plaintiff Aluminicaste Fundicion De Mexico S. De RL De CV initiated this action against defendants Yufen Shen and Po Chi "Eric" Shen on March 22, 2017. Dkt. 1 ("Compl."). On June 22, 2017, the Court dismissed plaintiff's claims without prejudice upon finding that the claims were time-barred by the applicable statutes of limitation. Dkt. 26.

Plaintiff filed a first amended complaint on July 6, 2017. Dkt. 27 ("FAC"). Plaintiff asserts five claims: (1) conversion, (2) fraudulent concealment, (3) breach of fiduciary duty, (4) unjust enrichment, and (5) money had and received. Id. As to the second, third, and fourth claims, plaintiff alleges that Yufen Shen aided and abetted Eric Shen's allegedly unlawful acts. Id. ¶¶ 54, 62, 66. Plaintiff asserts its claim for money had and received against Yufen Shen alone. Id. ¶¶ 71–74.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

On July 27, 2017, Eric Shen filed a motion to dismiss the FAC on the grounds that plaintiff's claims are barred by the applicable statutes of limitations. Dkt. 30 ("Eric MTD"). On the same day, Yufen Shen filed a motion to dismiss plaintiff's complaint on the grounds that plaintiff's claims are time-barred and plaintiff insufficiently pleads its second and third claims. Dkt. 33 ("Yufen MTD"). On June 2, 2017, plaintiff filed a consolidated opposition to both motions. Dkt. 34 ("Opp'n"). On August 18, 2017, defendants filed replies. Dkts. 35, 36.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is an aluminum manufacturing and production company organized under the laws of Mexico "as a Sociedad de Responsibilidad Limitada de Capital Variable," headquartered in San Jose Iturbide, Guanajuato, Mexico. FAC ¶ 6. Yufen Shen is a resident of California and the former wife of co-defendant Eric Shen. Id. ¶ 8. In 2011 through 2013, Mr. Shen was the president and CEO of Scuderia Capital Partners, Inc. ("Scuderia"), a U.S. company based in Orange County, California. Id. ¶¶ 12–13. In 2011 and 2012, Scuderia was responsible for the oversight and management of certain aspects of plaintiff's business operations in Mexico, including making expenditures concerning the construction of an aluminum foundry in Mexico – a $190 million project. Id. ¶ 12. Mr. Shen controlled certain of plaintiff's financial accounts and was authorized to make withdrawals from accounts owned or funded by plaintiff for the express and limited purpose of funding "legitimate financial expenditures." Id. ¶ 14. Plaintiff relied on Mr. Shen to "honestly administer and oversee" all record-keeping related to Mr. Shen and Scuderia's expenditures made for plaintiff's benefit. Id. At all relevant times, Mr. Shen maintained control of records related to such expenditures. Id. ¶ 15.

Plaintiff alleges that Mr. Shen was responsible for at least two unauthorized and unreported wire transfers—on or about September 6 and October 6, 2011—totaling at least €625,000 (more than $850,000) to a bank account at HSBC in Taiwan, in the name

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

of Yufen Shen. Id. ¶¶ 17–18.[1] Mr. Shen used an "international money changer" based in Mexico to make these transfers. Id. ¶ 18. No consideration was provided for the transfers. Id. ¶ 19.

Plaintiff alleges that both defendants personally profited from the transfers, with the funds being used for "household expenses," and for Ms. Shen's "personal enjoyment." Id. ¶ 21.

During the period when Ms. Shen was receiving the transfers, she was employed by the U.S. Internal Revenue Service ("IRS"). Id. ¶ 16. Plaintiff alleges that as a U.S. citizen, Ms. Shen was obligated by law to file Reports of Foreign Bank and Financial Accounts with respect to her HSBC account in Taiwan, and that she failed to do so. Id. ¶ 23. Ms. Shen failed to report the existence of or any income on the Taiwan account to the IRS, in violation of federal law. Id. Ms. Shen also failed to report the transfers of plaintiff' funds on her federal income tax returns and other disclosure forms required by law. Id. ¶ 24. According to plaintiff, these omissions were part of an intentional effort by Ms. Shen to conceal the illicit transfers that Mr. Shen was directing to her Taiwan account, and "to further Defendants' plan to defraud Aluminicaste and steal Aluminicaste's funds" by making the funds more difficult to discover." Id. ¶ 25.

Mr. Shen did not report or disclose to plaintiff any of the transfers from the plaintiff's account to Ms. Shen's account, nor did he account for the transfers in plaintiff's books. Id. ¶ 26. According to plaintiff, Mr. Shen intentionally structured the transfers to avoid suspicion and ordinary oversight by transferring funds in amounts within the ordinary range for him to handle in the exercise of his legitimate duties. Id. ¶ 26. Mr. Shen concealed and destroyed many of plaintiff's bank records, receipts, wire confirmations, and account statements, and he failed to identify financial accounts and intermediaries used to send and receive plaintiff's funds, including the "money changer." Id. ¶ 27. Mr. Shen used international wire transfers, various currencies, and unknown accounts in various countries to create a "convoluted trail to hide the siphoning of funds." Id. ¶ 28. The number and complexity of these transactions made them "impossible to

---

[1] In plaintiff's original complaint, plaintiff alleged that the funds were transferred from "Plaintiff's Deutsche Bank account" and "Plaintiff's bank account." See Compl. at 4, 6, 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

trace[,]" especially because the transferred amounts were small in comparison to the $190 million project. Id. Mr. Shen used disreputable money transfer services "known or suspected of facilitating money laundering" to achieve the transfers without generating a paper trail detectable by plaintiff. Id. ¶ 29.

In or around 2013, plaintiff began a review of Mr. Shen's handling of plaintiff's funds.[2] Id. ¶ 30. In or around July 2013, plaintiff confronted Mr. Shen, who admitted that he had destroyed and/or lost bank account records and other records of plaintiff's finances. Id. ¶¶ 30, 24. After confronting Mr. Shen, plaintiff hired accountants to audit its finances, including "known" accounts in the United States and Mexico. Id. ¶ 34. The audit revealed that Mr. Shen executed numerous international wire transfers to and from overseas accounts involving multiple currencies "in a complex web of transfers that proved impossible to trace." Id. For example, some institutions refused to identify the owners or provide relevant records for the recipient accounts. Id. The auditors concluded that "millions of dollars were missing and unaccounted for." Id. Mr. Shen admitted that he had "embezzled millions of dollars" from plaintiff, but claimed no one else was involved in the scheme and failed to disclose that he had transferred some funds to Ms. Shen. Id. ¶¶ 35, 36.

Mr. Shen thereafter "feigned cooperation" with plaintiff to identify assets or property purchased with plaintiff's funds. Id. ¶ 36. Mr. Shen purported to assist plaintiff in reconstructing its financial records and to disclose in full all accounts he had used for plaintiff's funds. Id. ¶ 31. Plaintiff relied on Mr. Shen's representations that he had provided complete and accurate financial records to plaintiff and that he had provided truthful and complete information in assisting plaintiff to reconstruct destroyed and/or lost records. Id. ¶ 51. However, Mr. Shen intentionally failed to disclose: "(i) the use of the Mexican money changer; (ii) the various international financial accounts that were used to transfer company funds to the money changer; (iii) the funds that were transferred to and from that money changers; and (iv) the fact that the money changer was used to transfer company funds to Yufen Shen." Id. ¶ 31. As a result, plaintiff was unable to "account fully" for expenditures made under Mr. Shen's direction and supervision and plaintiff was prevented from discovering the transfers "through a money changer" to Ms. Shen. Id. ¶ 32.

---

[2] Plaintiff does not specify what prompted their review of Mr. Shen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

In or around 2016, plaintiff learned of allegations that Mr. Shen committed other malfeasance acting in a similar fiduciary capacity with respect to other companies. Id. ¶ 37. In October 2016—as discovery progressed in a Texas action against Mr. Shen—an "outside lawyer" contacted plaintiff because the lawyer had located plaintiff's records in storage boxes belonging to a client. Id. ¶ 38. In or about February 2017, a lawyer for "the other client" notified plaintiff that a receipt from the Mexican money changer had been found in one of these boxes. Id. ¶ 40. The receipt reflected the transfer of plaintiff's funds to Yufen Shen and was the first notice to plaintiff that Mr. Shen had used a money changer to transfer funds to Ms. Shen. Id. Shortly thereafter, a third party who worked with Mr. Shen at Scuderia informed plaintiff that he had email communications with attached receipts from the Mexican money changer reflecting transfers from plaintiff to Ms. Shen, along with a "secret ledger" showing these transfers. Id. ¶ 41.

### III. Legal Standards

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV. Discussion

Each of plaintiff's claims is governed by a three-year statute of limitations. See Cal. Code Civ. Proc. § 338(c) (three-year statute for an "action for taking, detaining, or injuring goods or chattels," such as conversion); Cal. Code Civ. Proc. § 338(d) (three-year statute of limitations for "an action for relief on the ground of fraud or mistake");

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

American master Lease LLC v. Idanta Partners, Inc., 225 Cal. App. 4th 1451, 1479 (2014) (three-year statute of limitations for aiding and abetting a breach of fiduciary duty when the claim sounds in fraud or deceit); FDIC v. Dintino, 167 Cal. App. 4th 333, 348 (2008) (Cal. Code Civ. Proc. § 338(d)'s three-year statute of limitations applies in actions for unjust enrichment when the "action for relief is grounded in fraud or deceit"); Witkin, Cal. Code Proc. 5th Actions § 656 (2008) (Cal. Code Civ. Proc. § 338(d)'s three-year statute of limitations applies in an action for money had and received when the money was obtained by fraud or mistake). Plaintiff argues that, under California's discovery rule, its claims did not accrue until the fall of 2016, when an "outside lawyer" contacted plaintiff regarding previously unknown records relating to plaintiff. Opp'n at 6–19.

Under California law, "[a]n exception to the general rule for defining the accrual of a cause of action—indeed, the 'most important' one—is the discovery rule." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999) (citation omitted). The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Id. at 397; accord Fox v. Ethicon Endo-Surgery, Inc., 110 P.3d 914, 920 (Cal. 2005). More specifically, "in actions where the rule applies, the limitations period does not accrue until the aggrieved party has notice of the facts constituting the injury." E-Fab, Inc. v. Accountants, Inc. Servs., 153 Cal. App. 4th 1308, 1318. "Notice may be actual or constructive." Id. For purposes of California's discovery rule, "constructive and presumed notice or knowledge are equivalent to knowledge. So, when the plaintiff has notice or information of circumstances to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to [its] investigation (such as *public records* or corporation books), the statute commences to run." Cruz v. Bank of New York Mellon, 14-cv-1605-GW, 2015 WL 12781226 (C.D. Cal. Jan 6, 2015) (citing Parsons v. Tickner, 31 Cal. App. 4th 1513 (1995)). "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show diligence[.]" Fox, 110 P.3d at 921 (quotation marks omitted).

Defendants argue that plaintiff's claims accrued, at the latest, in July 2013 when plaintiff learned that Mr. Shen embezzled millions of dollars from plaintiff. See Yufen MTD at 10–13; Eric MTD at 8–11. In response, plaintiff argues that (a) its duty of inquiry was limited by the fiduciary relationship between plaintiff and Mr. Shen; (b) and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

that it did not have the opportunity to discover the transfers through reasonable diligence in 2011 or in 2013.

Plaintiff is correct that "[t]he existence of a trust relationship limits the plaintiff's duty of inquiry. Thus, when a potential plaintiff is in a fiduciary relationship with another individual, that pla[i]ntiff's burden of discovery is reduced and he is entitled to rely on the statements and advice provided by the fiduciary." WA Southwest 2, LLC v. First Am. Title Ins. Co., 240 Cal. App. 4th 148, 157 (2015) (quotation marks omitted). However, even when a fiduciary relationship exists, "*this does not mean that plaintiffs [have] no duty* of inquiry if they [are] put on notice of a breach of such a duty." Id. (emphasis added). In WA Southwest, the court held that the plaintiffs failed to exercise reasonable diligence in discovering their injury, despite defendants' fiduciary duty to plaintiffs. 240 Cal. App. 4th at 157. There, the plaintiffs alleged that they only become aware of the "risky nature" of investments they had made with the defendants after speaking with taxation and accounting experts at least six years after the investments were made. Id. at 156–57. However, the WA Southwest court found the discovery rule inapplicable because "the private placement memorandum provided to plaintiffs prior to their investments clearly disclosed the . . . risky nature of the investments," and "[r]easonable diligence in such circumstances does not consist of ignoring a private placement memorandum received prior to making an investment." Id. at 157; see also Schneidereit v. San Luis Capital, Inc., 12-cv-8253-PSG, 2013 WL 12137837 at *6–7 (C.D. Cal. Jan. 16, 2013) (granting motion to dismiss where the plaintiffs failed to allege facts showing that they were not on notice of information in loan documents that the plaintiffs acquired six years before filing suit, despite the fact that the defendants owed the plaintiffs a fiduciary duty); Agape Family Worship Ctr., Inc. v. Gridiron, No. 15-cv-1465-ODW, 2016 WL 3003207, at *3, *4 (C.D. Cal. May 24, 2016) (granting motion to dismiss and finding the discovery rule inapplicable where plaintiff alleged "*no diligence at all*" in discovering that the defendant had allegedly stolen almost $5 million from the plaintiff's bank account over the course of seven years, despite the fact that the defendant was in charge of managing the plaintiff's finances and "had earned the trust of [plaintiff]"). Thus, "[a] person in a fiduciary relationship may relax, but not fall asleep. [I]f [plaintiff] became aware of facts which would make a reasonably prudent person suspicious, [plaintiff] had a duty to investigate further, and [plaintiff] was charged with knowledge of matters which would have been revealed by such an investigation." Alfaro

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL            'O'

| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal. App. 4th 1356, 1394 (2009) (quotation marks omitted).

The Court finds that, in 2013, plaintiff was put on notice of facts that would make a reasonably prudent person suspicious of Mr. Shen. Plaintiff alleges that in or around 2013, plaintiff began a review of Mr. Shen's handling of plaintiff's funds and, when confronted, Mr. Shen admitted in July 2013 that he had destroyed and or last bank account records and other records of plaintiff's finances. FAC ¶¶ 30, 24. Mr. Shen further admitted that he had "embezzled millions of dollars" from plaintiff. Id. ¶ 35. In addition, plaintiff conducted an audit of its finances that revealed that Mr. Shen had made numerous wire transfers to overseas accounts and that "millions of dollars were missing and unaccounted for" in its accounts. Id. ¶ 34. Mr. Shen's subsequent "feigned cooperation" with plaintiff should not have eliminated plaintiff's suspicion given that plaintiff was then aware of Mr. Shen's history of dishonest dealings with plaintiff. Thus, by the middle of 2013, plaintiff was not entitled to rely on a limited duty of inquiry arising from a fiduciary relationship between plaintiff and Mr. Shen.

Plaintiff argues that it was not on notice of its claims in 2013 because the diligence that plaintiff undertook at that time—including an audit of known corporate accounts in the United States and Mexico—did not reveal which particular overseas accounts received wire transfers. Opp'n at 13–14. Plaintiff contends that there is no indication that it would have discovered "the fraudulent transfers at issue here" upon further diligence. Id. at 14. However, plaintiff need not have known the identity of any individual who received the transfers, it need not have traced the particular recipient accounts overseas, and it need not have known the method of such transfers (i.e., "money changer") to assert precisely the same claims against Mr. Shen and Doe defendants in 2013. "[T]he general rule in California has been that ignorance of the identity of the defendant is not essential to a claim and therefore will not toll the statute." Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 932, 873 P.2d 613 (1994). The California Supreme Court has observed:

> the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her. Aggrieved parties generally need not know the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

exact manner in which their injuries were effected, nor the identities of all parties who may have played a role therein.

Id. (citation and quotation marks omitted); see also Fox, 110 P.3d at 920 ("The discovery rule . . . allows accrual of the cause of action even if the plaintiff does not have reason to suspect the defendant's identity . . . because the identity of the defendant is not an element of a cause of action." (citation omitted)). Where, as here, "the identity of at least one defendant is known, . . . the plaintiff must avail himself of the opportunity to file a timely complaint naming Doe defendants and take discovery." Bernson, 7 Cal. 4th at 937. Moreover, "[u]nder the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Fox, 110 P.3d at 920. Plaintiff further argues that it was not required to file suit upon learning of certain bad acts by Mr. Shen because it lacked knowledge of the injuries that it suffered. Opp'n at 15–16. Plaintiff is correct that the California Supreme Court has recognized that "it would be contrary to public policy to require plaintiffs to file a lawsuit at a time when the evidence available to them failed to indicate a cause of action." Fox, 110 P.3d at 925. However, plaintiff did not lack knowledge of its injuries *or* the elements of its claims in 2013. Indeed, plaintiff alleges that, in 2013, its audit revealed numerous international wire transfers initiated by Mr. Shen to overseas accounts *and* Mr. Shen admitted that he "embezzled millions of dollars" from plaintiff. FAC ¶¶ 34–35. That is precisely the harm of which plaintiff now complains and the basis for plaintiff's complaint. The Court thus finds that plaintiff was on notice of its injuries and one or more elements of its claims in 2013. Accordingly, plaintiff's claims accrued at some point in 2013, which is more than three years before plaintiff initiated this action on March 22, 2017. The Court therefore concludes that plaintiff's claims are time-barred.

At oral argument, plaintiff's counsel argued that plaintiff relied on a 2013 "settlement agreement" between plaintiff and Mr. Shen, which should estop defendants from arguing that plaintiff's claims are time-barred. In reliance upon this "settlement agreement," plaintiff argued that Mr. Shen had made full disclosures regarding his bad acts and agreed to repay the embezzled money. Under California law, the doctrine of equitable estoppel—also termed "fraudulent concealment"—is a close cousin of the discovery rule. Bekins v. AstraZeneca Pharm. LP, 239 F. Supp. 3d 1220, 1224–25 (S.D. Cal. 2017) (citing Bernson, 7 Cal.4th at 931 (citing Sanchez v. South Hoover Hospital, 18

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Cal.3d 93 (1976)). Equitable estoppel is distinct from equitable tolling. Chang v. Biosuccess Biotech Co., 76 F. Supp. 3d 1022, 1053 (C.D. Cal. 2014). Namely, tolling is concerned with suspending the running of the limitations period, while estoppel is asserted after the limitations period has run and addresses when a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because the party's conduct induced another into forbearing suit. Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008); Chang, 76 F. Supp. 3d 1053 (citing Lantzy v. Centex Homes, 31 Cal.4th 363, 383 (2003)).

To invoke this doctrine, plaintiff must allege the supporting facts of fraud and that it used due diligence in an attempt to uncover the facts. Bekins, 239 F. Supp. 3d 1224. Specifically, under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (citing Honig v. San Francisco Planning Dep't, 127 Cal. App. 4th 520, 529, 25 Cal. Rptr. 3d 649 (2005). A plaintiff must point to some fraudulent concealment by the defendant above and beyond the wrongdoing upon which plaintiff's claim is filed, which prevented plaintiff from suing in time. Lukovsky, 535 F.3d at 1052; Bekins, 239 F. Supp. 3d 1224. A defendant:

> [C]annot justly or equitably lull his adversary into a false sense of security, and thereby cause his adversary to subject his claim to the bar of the statute of limitations, and then be permitted to plead the very delay caused by his course of conduct as a defense to the action when brought. ... [A]n estoppel may arise although there was no designed fraud on the part of the person sought to be estopped. To create an equitable estoppel, it is enough if the party has been induced to refrain from using such means or taking such action as lay in his power, by which he might have retrieved his position and saved himself from loss. Where the delay in commencing action is induced by the conduct of the defendant it cannot be availed of by him as a defense.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-02255-CAS(JCx) | Date | September 25, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Chang, 76 F. Supp. 3d 1053 (citing Lantzy v. Centex Homes, 31 Cal.4th 363, 383 (2003)). Accordingly, because plaintiff fails to adequately allege a settlement agreement with Mr. Shen that evinces plaintiff's reasonable reliance on Mr. Shen's assurances, the Court **DISMISSES** without prejudice plaintiff's complaint.

## V. CONCLUSION

Defendants' motion to dismiss is **GRANTED**. Plaintiff's claims are hereby **DISMISSED without prejudice**. Plaintiff is granted **14 days leave** in which to file an amended complaint to allege the basis for its claim that defendants are equitably estopped from asserting their statute of limitations defense based upon the alleged 2013 "settlement agreement."

IT IS SO ORDERED.

                                                                                         00     25
Initials of Preparer          CMJ