# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Daniel Saunders | John Ly |
| | Kevin Scott |

**Proceedings:** DEFENDANT ERIC SHEN'S MOTION TO DISMISS (Dkt. 43, filed November 20, 2017)

DEFENDANT YUFEN SHEN'S MOTION TO DISMISS (Dkt. 45, filed November 20, 2017)

## I. INTRODUCTION

Plaintiff Aluminicaste Fundición De Mexico S. De RL De CV initiated this action against defendants Yufen Shen ("Ms. Shen") and Po Chi "Eric" Shen ("Shen") on March 22, 2017. Dkt. 1. On June 22, 2017, the Court dismissed plaintiff's claims without prejudice upon finding that the claims were time-barred by the applicable statutes of limitation. Dkt. 26. Plaintiff filed a first amended complaint on July 6, 2017. Dkt. 27. On September 25, 2017, the Court dismissed plaintiff's claims without prejudice upon concluding that the claims were not subject to the discovery rule, and accordingly, plaintiff's claims accrued in 2013 and were time-barred under the applicable statutes of limitation. Dkt. 39.

Plaintiff filed a second amended complaint ("SAC") on October 10, 2017. Dkt. 40. Plaintiff asserts five claims: (1) conversion; (2) fraudulent concealment; (3) breach of fiduciary duty; (4) unjust enrichment; and (5) money had and received. See SAC. Plaintiff asserts its claim for money had and received against Ms. Shen alone. Id. ¶ 84–87.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

On November 20, 2017, Shen filed a motion to dismiss plaintiff's complaint, dkt. 43 ("Eric MTD"), and on the same day, Ms. Shen filed a motion to dismiss plaintiff's complaint, dkt. 45 ("Yufen MTD"). On November 27, 2017, plaintiff filed a consolidated opposition to both motions. Dkt. 46 ("Opp'n"). On December 4, 2017, defendants filed replies. Dkts. 52, 53.

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges the following facts.

Plaintiff is an aluminum manufacturing and production company organized under the laws of Mexico "as a Sociedad de Responsibilidad Limitada de Capital Variable," headquartered in San Jose Iturbide, Guanajuato, Mexico. SAC ¶ 7. Ms. Shen is a resident of California and the former wife of co-defendant Shen. Id. ¶ 9. In 2011 through 2013, Shen was the president and CEO of Scuderia Capital Partners, Inc. ("Scuderia"), a U.S. company based in Orange County, California. Id. ¶¶ 13–15. In 2011 and 2012, Scuderia was responsible for the oversight and management of certain aspects of plaintiff's business operations in Mexico, including making expenditures concerning the construction of an aluminum foundry in Mexico – a $190 million project. Id. ¶ 13. Shen controlled the finances of plaintiff, including capital invested by plaintiff's then-owner Chen Zhao Hua ("Chen"). Id. ¶ 1. Shen controlled certain of plaintiff's financial accounts and was authorized to make withdrawals from accounts owned or funded by plaintiff for the express and limited purpose of funding "legitimate financial expenditures." Id. ¶ 16. Plaintiff relied on Shen to "honestly administer and oversee" all record keeping related to Shen and Scuderia's expenditures made for plaintiff's benefit. Id. At all relevant times, Shen maintained control of records related to such expenditures. Id. ¶ 18.

Plaintiff alleges that Shen was responsible for at least two unauthorized and unreported wire transfers—on or about September 6 and October 6, 2011—totaling at least €625,000 (more than $850,000) to a bank account at HSBC in Taiwan, in the name of Yufen Shen. Id. ¶¶ 20–22. Shen used an "international money changer" based in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Mexico to make these transfers. Id. ¶ 21. No consideration was provided for the transfers. Id. ¶ 23.

Plaintiff alleges that both defendants personally profited from the transfers, with the funds being used for "household expenses," and for Ms. Shen's "personal enjoyment." Id. ¶ 24. During the period when Ms. Shen was receiving the transfers, she was employed by the U.S. Internal Revenue Service ("IRS"). Id. ¶ 18. Plaintiff alleges that as a U.S. citizen, Ms. Shen was obligated by law to file Reports of Foreign Bank and Financial Accounts with respect to her HSBC account in Taiwan, and that she failed to do so. Id. ¶ 26. Ms. Shen failed to report the existence of or any income on the Taiwan account to the IRS, in violation of federal law. Id. Ms. Shen also failed to report the transfers of plaintiff' funds on her federal income tax returns and other disclosure forms required by law. Id. ¶ 27. According to plaintiff, these omissions were part of an intentional effort by Ms. Shen to conceal the illicit transfers that Shen was directing to her Taiwan account, and "to further Defendants' plan to defraud Aluminicaste and steal Aluminicaste's funds" by making the funds more difficult to discover." Id. ¶ 28.

Shen did not report or disclose to plaintiff any of the transfers from the plaintiff's account to Ms. Shen's account, nor did he account for the transfers in plaintiff's books. Id. ¶ 29. According to plaintiff, Shen intentionally structured the transfers to avoid suspicion and ordinary oversight by transferring funds in amounts within the ordinary range for him to handle in the exercise of his legitimate duties. Id. ¶ 29. Shen concealed and destroyed many of plaintiff's bank records, receipts, wire confirmations, and account statements, and he failed to identify financial accounts and intermediaries used to send and receive plaintiff's funds, including the "money changer." Id. ¶ 30. Shen used international wire transfers, various currencies, and unknown accounts in various countries to create a "convoluted trail to hide the siphoning of funds." Id. ¶ 31. The number and complexity of these transactions made them "impossible to trace[,]" especially because the transferred amounts were small in comparison to the $190 million project. Id. Shen used disreputable money transfer services "known or suspected of facilitating money laundering" to achieve the transfers without generating a paper trail detectable by plaintiff. Id. ¶ 32.

In or around July 2013, Chen discovered that Shen had misappropriated millions of dollars from Chen's various business entities. Id. ¶ 33. Plaintiff began a review of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Shen's handling of plaintiff's funds. Id. Plaintiff confronted Shen, who admitted that he had destroyed and/or lost bank account records and other records of plaintiff's finances. Id. ¶ 33. When plaintiff learned of Shen's destruction and obfuscation of company records, it began an investigation to account for the funds to which Shen had access. Id. ¶ 34.

Plaintiff alleges that Shen admitted to Chen that he had embezzled funds from Chen's various business entities to purchase real estate and luxury items, but at no time did he reveal the transfers of plaintiff's funds to Ms. Shen's secret Taiwan account, or admit that he transferred plaintiff's funds to other persons. Id. ¶ 35. Shen "intentionally and falsely claimed" that no one else was involved in his scheme. Id. Plaintiff alleges that, for the purpose of avoiding referral for criminal prosecution, and for the purpose of "lulling" plaintiff into not investigating and discovering Shen's transfer to Ms. Shen, Shen purported to assist Chen and plaintiff into reconstructing plaintiff's financial records. Id. ¶ 36. Shen allegedly agreed to a "written settlement" embodied in a Chinese/English document called a "Certificate of Debt," dated October 14, 2013. Id. & Ex. A. In that Certificate, Shen allegedly falsely represented that he disclosed the full amount of funds stolen from Chen's business entities, and he listed the various luxury assets he purchased with the stolen proceeds and pledged them as collateral for the debt that he agreed to repay to Chen and the businesses. Id. & Ex. A. The Certificate acknowledged that Shen had misappropriated approximately $242 million from businesses that handled billions of dollars of company funds. Id. ¶ 37. Plaintiff alleges that, in exchange for avoiding legal proceedings, Shen agreed to "provide complete and truthful information to assist Chen's business entities, including plaintiff, to reconstruct all business expenditures." Id.

The Certificate of Debt contains an express tolling provision, that "[a]ny statute of limitation on breach [of the Certificate of Debt] lawsuit shall commence on the date when I failed to make repayment according to the instruction from Creditor." See Exhibit A ¶ 5. Plaintiff alleges that based on this Certificate and the representations provided therein, plaintiff refrained from commencing suit against Shen. SAC ¶ 39. Based on the Certificate and Shen's representations that no other persons were involved in any misappropriate or concealment from plaintiff, plaintiff had no good-faith basis at that time to make legal claims against unidentified "John or Jane Does." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Plaintiff alleges that it did not simply rely on representations from Shen, and that after confronting Shen in or about July 2013, plaintiff hired a team of professional accountants to conduct an audit of the company's finances. Id. ¶ 40. That audit revealed that Shen had executed numerous international wire transfers to and from numerous overseas accounts involving multiple currencies and a "complex web of transfers" that proved impossible to trace. Id. While allegedly falsely claiming to cooperate in reconstructing plaintiff's financials, Shen continued to make false statements to conceal the transfer to Ms. Shen's secret account. Id. ¶ 41. He allegedly falsely assured Chen and plaintiff that the Certificate of Debt accounted for all the funds that Shen had embezzled, even though the Certificate did not identify plaintiff's funds that were transferred to Ms. Shen's secret offshore account, and he purported to identify the banks and accounts that he used to receive plaintiff's funds. Id.

Though many of Shen's admissions of fraud were validated by the independent audit, despite plaintiff's reasonable diligence and as a result of defendants' ongoing fraudulent concealment, plaintiff was not able to reconcile its financial books and records for the relevant period, particularly because Shen falsely claimed to lack records and knowledge. Id. ¶ 42. The auditors engaged in best efforts to use the available records to identify and trace missing finds, yet the auditors identified that millions of dollars were missing and unaccounted for. Id. Plaintiff alleges that it was unable to discover Shen's earlier illicit transfer of plaintiff's funds through a money changer to Ms. Shen. Id. Though the missing funds were significant, they were a small percentage of the overall budget for plaintiff's construction project—and Shen had explained away these discrepancies with further deception. Id. ¶ 43.

Plaintiff asserts that, in reliance upon Shen's representations and the Certificate of Debt, and seeking to avoid further costly investigation and litigation, plaintiff agreed to forbear from pursuing civil action and criminal referral. Id. ¶ 44. At the time plaintiff agreed to forbear from litigation, it was unaware and unable to discover through reasonable efforts that Shen had transferred funds to Ms. Shen. Id.

Plaintiff alleges that Shen "feigned cooperation" under the Certificate of Debt, and continued to conceal and prevent the discovery to the illicit transfer to Ms. Shen. Id. ¶ 46. Shen intentionally failed to disclose: "(i) the use of the Mexican money changer; (ii) the various international financial accounts that were used to transfer company funds to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

the money changer; (iii) the funds that were transferred to and from that money changers; and (iv) the fact that the money changer was used to transfer company funds to Yufen Shen." Id. ¶ 45. Plaintiff contends that because "(i) Eric Shen's admissions concerning his illicit purchases were largely corroborated by Plaintiff's audit, (ii) Eric Shen's concealment and destruction of company records prevented Plaintiff from learning of the illicit wire transfers to Yufen Shen, and (iii) Eric Shen represented to Plaintiff that he was fulfilling his obligations under the Certificate of Debt, Plaintiff was unaware that Eric Shen continued to conceal Defendants' misconduct." Id. ¶ 48.

In or around 2016, plaintiff learned of allegations that Shen committed other malfeasance acting in a similar fiduciary capacity with respect to other companies. Id. ¶ 49. In October 2016—as discovery progressed in a Texas action against Shen—an "outside lawyer" contacted plaintiff because the lawyer had located plaintiff's records in storage boxes belonging to a client. Id. ¶ 50. In or about February 2017, a lawyer for "the other client" notified plaintiff that a receipt from the Mexican money changer had been found in one of these boxes. Id. ¶ 52. The receipt reflected the transfer of plaintiff's funds to Ms. Shen and was the first notice to plaintiff that Shen had used a money changer to transfer funds to Ms. Shen. Id. Shortly thereafter, a third party who worked with Shen at Scuderia informed plaintiff that he had email communications with attached receipts from the Mexican money changer reflecting transfers from plaintiff to Ms. Shen, along with a "secret ledger" showing these transfers. Id. ¶ 53.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a pleading. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the pleading, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The pleading must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the pleading (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

"fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV. DISCUSSION

### 1. Plaintiff's Invocation of Equitable Estoppel

Defendants contend that plaintiff's claims are time-barred under the applicable statutes of limitation, and that equitable estoppel does not prevent defendants from asserting this statute of limitations defense.[1] Eric MTD at 9; Yufen MTD at 1.[2]

Under California law, the doctrine of equitable estoppel—sometimes referred to as "fraudulent concealment"—focuses primarily on actions taken by a defendant to prevent a plaintiff from filing suit. Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008). To invoke this doctrine, plaintiff must allege the supporting facts of fraud and that it used due diligence in an attempt to uncover the facts. Bekins v. AstraZeneca Pharm. LP, 239 F. Supp. 3d 1220, 1224 (S.D. Cal. 2017). Specifically, under California law, equitable estoppel requires that: (1) the party to be estopped must be apprised of the facts; (2) that party must intend that his or her conduct be acted on, or must so act that the party asserting the estoppel had a right to believe it was so intended; (3) the party asserting the estoppel must be ignorant of the true state of facts; and (4) the party asserting the estoppel must reasonably rely on the conduct to his or her injury. Lukovsky v. City & Cty. of San Francisco, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (citing Honig v. San Francisco Planning Dep't, 127 Cal. App. 4th 520, 529, 25 Cal. Rptr. 3d 649 (2005). A plaintiff must point to some fraudulent concealment by the defendant above and beyond the wrongdoing upon which plaintiff's claim is filed, which prevented plaintiff from suing in time. Lukovsky, 535 F.3d at 1052; Bekins, 239 F. Supp. 3d 1224.

---

[1] Shen requests that the Court judicially notice (1) a newspaper article relating to Zhongtian Liu and (2) court records from other litigation against Shen. Dkt. 44. In light of the fact that the Court does not rely on these documents in reaching its decision, the Court declines to judicially notice these records.

[2] So as not to burden the Court with duplicative briefing, Ms. Shen "joins in Shen's motion and incorporates his arguments … by reference." Yufen MTD at 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Shen argues that plaintiff could not have *reasonably* relied upon any of his alleged misrepresentations for numerous reasons. Eric MTD at 9. First, while Shen was assisting plaintiff in reconstructing its financial records, plaintiff suspected that Shen had stolen millions of dollars from plaintiff and was in the process of auditing its financial records. Id. (citing SAC ¶¶ 33, 35–37). Despite plaintiff's efforts, its audit revealed that millions remained missing. Id. (citing SAC ¶¶ 33, 35–37). Under these circumstances, Shen argues, it would have been unreasonable for plaintiff to rely on Shen's representations. Id. at 10. Next, Shen argues that in light of plaintiff's sophistication and experience, coupled with the sheer magnitude of Shen's alleged $240 million in theft, reliance on Shen's representations was unreasonable. Id. at 10–12.

In addition, Shen argues that plaintiff must point to some fraudulent concealment, *above and beyond* the wrongdoing upon which plaintiff's claim is filed, to prevent plaintiff from suing in time. Id. (citing Lukovsky, 535 F.3d at 1052). Shen argues that his alleged false statements regarding the misappropriated funds are "virtually identical" to the false statements underlying plaintiff's fraud claims that Shen used a Mexican money changer, failed to report those transfers, and destroyed the financial records. Id. (citing SAC ¶¶ 19–24, 26–32). Though plaintiff alleges in the SAC that Shen continued to make false statements by making an inaccurate accounting, Shen argues that this conduct does not go above and beyond the underlying fraud. Id. at 14 (citing Bekins, 239 F. Supp. 3d at 1226–27; Robertson v. Bank of America, N.A., No. 10-CV-3525, 2011 WL 1231003, at *1 (N.D. Cal April 1, 2011); Samp, No. 11-CV-1950-VAP, 2013 WL 1912869, at *8.

In opposition, plaintiff argues that it sufficiently alleges each element of the test for equitable estoppel. Opp'n at 9. Plaintiff contends that it reasonably relied on the Certificate of Debt and Shen's misrepresentations in refraining from filing suit, and that this inquiry may only be decided as a matter of law if the facts permit reasonable minds to come to just *one* conclusion. Id. Plaintiff asserts that Shen's admissions concerning his illicit purchases were largely corroborated by plaintiff's audit, and that he represented that the remaining unbalanced transactions were the result of business losses from sales or other normal business operations. Id. at 11–12. Further, plaintiff argues that it was not able to discover through reasonable methods whether the remaining unbalanced transactions were the result of business losses from sales or other normal business operations. Id. at 12. In light of these allegations, plaintiff contends, it cannot be said

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

that the *only* possible conclusion to be reached by reasonable minds is that plaintiff's reliance was unreasonable under the circumstances, and that this is an issue of fact that cannot be resolved on a motion to dismiss. Id.

Additionally, plaintiff argues that its claim for fraudulent concealment is based on Shen's conduct in concealing illicit transfers to Ms. Shen in 2011 and 2012, and that its basis for asserting equitable estoppel is based on entirely different conduct. Id. at 15–16. Namely, equitable estoppel is based on the alleged 2013 conduct whereby Shen failed to disclose certain transfers while falsely representing that he was providing complete and truthful cooperation. Id. at 16.

"Under California law … whether reliance was reasonable is a question of fact for the jury, and may be decided as a matter of law only if the facts permit reasonable minds to come to just one conclusion." Boeken v. Philip Morris Inc., 127 Cal. App. 4th 1640, 1666 (2005) (citing Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1239 (1995)). The Court concludes that insofar as plaintiff relied on Shen's 2013 alleged false assurances that the Certificate of Debt accounted for all of the funds Shen embezzled, reasonable minds could differ as to whether plaintiff's reliance was reasonable. After Shen's alleged admission to embezzlement in 2013, and after plaintiff's subsequent audit, plaintiff faced the prospect that a remaining small percentage of funds could not be traced. See SAC ¶¶ 40, 42. Yet Shen allegedly claimed to lack records and knowledge of these missing funds and reassured plaintiff that any remaining unbalanced transactions were the result of business losses and other normal business operations. Id. ¶43. Moreover, Shen "falsely assured Chen and Aluminicaste that the Certificate of Debt accounted for all the funds that Eric Shen had embezzled" and allegedly acknowledged in writing in the Certificate that he had misappropriated approximately $242 million. Id. ¶¶ 37, 41.

In light of these allegations, the Court concludes that whether plaintiff's reliance was reasonable is better decided on a motion for summary judgment. Plaintiff argues that a reasonable finder of fact could conclude that the company's owner—Mr. Chen—was a successful businessman and thus more likely to believe that Shen, who was also a successful businessman, would not jeopardize his informal immunity provided in the Certificate by continuing to conceal a relatively small portion of his misconduct. Opp'n at 13. The Court agrees and observes that Shen not only allegedly represented that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Certificate of Debt accounted for all embezzled funds—plaintiff also hired auditors that validated many of Shen's alleged admissions of fraud and theft. SAC ¶ 42. Because Shen—a successful businessman—had already allegedly admitted to fraudulently transferring approximately $242 million dollars of plaintiff's funds, whether plaintiff *reasonably* relied on his representations that he "lack[ed] records and knowledge" with respect to remaining unbalanced funds is a question better decided on a motion for summary judgment. Accordingly, for purposes of the instant motion, the Court concludes that plaintiff adequately alleges reasonable reliance.[3]

Notwithstanding plaintiff's adequate pleading of reasonable reliance, the Court addresses whether plaintiff's invocation of equitable estoppel fails because plaintiff's supporting allegations merge with its underlying fraud claims. Plaintiff argues that its claim for fraudulent concealment is premised on illicit transfers that occurred in 2011 and 2012. Opp'n at 15. Above and beyond these allegations, the SAC alleges separate conduct by Shen in connection with the Certificate of Debt in 2013 to support its invocation of equitable estoppel—namely, Shen's alleged acknowledgment of misappropriation of hundreds of millions of dollars coupled with his false representations of truthful cooperation in recovering financial records. Id. at 16. In reply, Shen contends that this 2013 conduct is merely a continuation of the alleged pattern of fraudulent concealment by Shen. Eric Reply at 8. According to Shen, the pattern of alleged concealment was the same, and only the alleged means differed. Id.

The Court finds that, at this juncture, it cannot conclude as a matter of law that the allegations supporting equitable estoppel are "merely a continuation" of the alleged pattern of fraudulent concealment. Shen's allegedly false representations during the 2013 financial audit appear to be distinct from his alleged earlier concealment of illicit transfers. Accordingly, plaintiff's allegations that Shen engaged in entirely new misrepresentations in 2013 are sufficient to support plaintiff's invocation of equitable estoppel.

---

[3] The Court need not reach the issue of whether plaintiff may properly invoke the doctrine of equitable estoppel against Ms. Shen because the Court's analysis *infra* finds that the discovery rule postpones the accrual of plaintiff's claims until 2016, when plaintiff first became aware that Shen had used a money changer to transfer company funds to Ms. Shen.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

### 2.     The Application of the Discovery Rule

As an alternative to plaintiff's equitable estoppel argument, plaintiff contends that new allegations support its assertion of the discovery rule. Namely, invocation of the discovery rule is justified because plaintiff alleges that it reasonably relied on the Certificate of Debt and Shen's representations that this Certificate accounted for all of the funds that Shen had embezzled, which were largely corroborated by plaintiff's independent team of accountants. Opp'n at 20. In response, Shen contends that the new allegations merely confirm that plaintiff suspected Shen of misappropriating millions of dollars in 2013, and that no reasonable person would believe that plaintiff's suspicion could be eliminated. Eric Reply at 9. Ms. Shen similarly argues that the alleged facts demonstrate that plaintiff knew, by 2013, that Shen had stolen vast amounts of money and that all of the money could not be adequately traced. Yufen Reply at 8. Accordingly, plaintiff had actual knowledge that it was injured, reason to suspect that embezzlement was the cause of its injury, and knowledge of at least one defendant. Id. (citing Fox v. Ethicon Endo-Surgery, Inc., 35 Cal.4th 797 (2005); Bernson v Browning-Ferris Industries, 7 Cal.4th 926, 932 (1994)). Ms. Shen argues that regardless of Shen's alleged admissions to plaintiff, plaintiff's knowledge of its injuries cannot serve to delay the accrual of the statute of limitations. Id. at 9.

The discovery rule "postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action." Norgart v. Upjohn Co., 21 Cal. 4th 383, 397 (1999). Moreover, "[u]nder the discovery rule, suspicion of one or more of the elements of a cause of action, coupled with knowledge of any remaining elements, will generally trigger the statute of limitations period." Fox, 35 Cal.4th 797 at 807. "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to show diligence[.]" Fox, 35 Cal.4th 797 at 808 (quotation marks omitted). In Fox, the California Supreme Court reasoned that,

> [s]imply put, in order to employ the discovery rule to delay accrual of a cause of action, a potential plaintiff who suspects that an injury has been wrongfully caused *must conduct a reasonable investigation of all potential causes of that injury. If such an investigation would have disclosed a factual basis for a cause of action, the statute of limitations begins to run on that cause of action when the investigation would have brought such information*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

*to light*. In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period.

Id. at 808–809 (emphasis added). The existence of a trust relationship limits a plaintiff's duty of inquiry, but a plaintiff is still required to exercise reasonable diligence in discovering its injury. WA Southwest 2, LLC v. First Am. Title Ins. Co., 240 Cal. App. 4th 148, 157 (2015). Thus, "[a] person in a fiduciary relationship may relax, but not fall asleep. [I]f [plaintiff] became aware of facts which would make a reasonably prudent person suspicious, [plaintiff] had a duty to investigate further, and [plaintiff] was charged with knowledge of matters which would have been revealed by such an investigation." Alfaro v. Community Housing Imp. System & Planning Ass'n, Inc., 171 Cal. App. 4th 1356, 1394 (2009) (quotation marks omitted).

In 2013, Shen allegedly admitted that he embezzled approximately $242 million from plaintiff. SAC ¶¶ 33, 35, 41. It appears to the Court that plaintiff's newly-revived invocation of the discovery rule is proper insofar as plaintiff reasonably relied on Shen's 2013 representations and signing of the Certificate of Debt such that plaintiff's suspicion of embezzlement with respect to the unaccounted-for funds was eliminated. As discussed in the foregoing analysis, whether plaintiff reasonably relied on Shen's representations that he had not engaged in any other embezzlement beyond the $242 million worth of illicit transfers is an issue of fact better decided on a motion for summary judgment.

Furthermore, plaintiff alleges that its independent audit largely validated Shen's admissions, and that "despite best efforts to use the available records and trace missing funds," the auditors could not reconcile certain remaining funds and could not disprove Shen's representations that the unbalanced transactions were the result of normal business operations. See SAC ¶¶ 42–43. Here, given the allegations that Shen "owed fiduciary duties to plaintiff," plaintiff had a limited duty to investigate. See id. ¶ 72; WA Southwest, 240 Cal. App. 4th at 157. Plaintiff's allegations demonstrate that notwithstanding this limited duty of inquiry it engaged in a diligent investigation with respect to the remaining unreconciled funds, and that "despite [its] exercise of reasonable diligence, plaintiff was not able to reconcile" its financial books. See id. ¶ 42.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

In light of plaintiff's alleged diligence and the remaining question of fact regarding reasonable reliance, it appears that plaintiff's claims regarding unaccounted-for funds did not accrue until the February of 2017. Id. ¶ 52. At this time, an "outside lawyer" contacted plaintiff regarding previously unknown records demonstrating that Shen used a money changer to transfer company funds to Ms. Shen—funds which were not accounted for in the October 2013 Certificate of Debt and which could not be accounted for after plaintiff's allegedly diligent investigation.

Accordingly, the discovery rule applies because (1) a question of fact remains with respect to plaintiff's reasonable reliance on Shen's alleged admissions, and (2) because plaintiff conducted a diligent investigation that was ultimately unable to reconcile the funds not accounted for in the Certificate of Debt. Because each of plaintiff's claims with respect to this 2017 discovery is governed by a three-year statute of limitations, the Court therefore concludes that plaintiff's claims are not time-barred under the discovery rule.[4]

### 3. The Adequacy of Plaintiff's Allegations Against Ms. Shen

The Court next considers whether plaintiff's allegations are sufficient to support its claims for aiding and abetting fraudulent concealment and breach of fiduciary duty with respect to Ms. Shen. Ms. Shen contends that plaintiff's claims for aiding and abetting fraud and breach of fiduciary duty are facially deficient because the only conduct that plaintiff alleges that Ms. Shen engaged in was receiving funds into a foreign bank

---

[4] See Cal. Code Civ. Proc. § 338(c) (three-year statute for an "action for taking, detaining, or injuring goods or chattels," such as conversion); Cal. Code Civ. Proc. § 338(d) (three-year statute of limitations for "an action for relief on the ground of fraud or mistake"); American master Lease LLC v. Idanta Partners, Inc., 225 Cal. App. 4th 1451, 1479 (2014) (three-year statute of limitations for aiding and abetting a breach of fiduciary duty when the claim sounds in fraud or deceit); FDIC v. Dintino, 167 Cal. App. 4th 333, 348 (2008) (Cal. Code Civ. Proc. § 338(d)'s three-year statute of limitations applies in actions for unjust enrichment when the "action for relief is grounded in fraud or deceit"); Witkin, Cal. Code Proc. 5th Actions § 656 (2008) (Cal. Code Civ. Proc. § 338(d)'s three-year statute of limitations applies in an action for money had and received when the money was obtained by fraud or mistake).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

account and failing to disclose those funds to plaintiff or to the Internal Revenue Service ("IRS"). Yufen MTD at 11–12. With respect to plaintiff's claim for breach of fiduciary duty, Ms. Shen argues that there is no allegation explaining *how* Ms. Shen knew that the alleged transfer consisted of funds misappropriated from plaintiff in violation of Shen's fiduciary duties, and accordingly, the claim must be dismissed. Id. at 12–13 (citing Casey v. U.S. Bank Nat'l Ass'n, 127 Cal. App. 4th 1138, 1152–53 (2005)). Moreover, Ms. Shen argues that plaintiff's claim for fraudulent concealment should be dismissed because plaintiff's allegations are insufficient to plead either actual knowledge or substantial assistance. Id. at 14–15.

In opposition, plaintiff asserts that Ms. Shen is adequately alleged to have acted as an aider and abettor of Shen's primary violations. Opp'n at 21 (citing SAC ¶¶ 19–22, 24–28, 33, 54). With respect to plaintiff's third claim for breach of fiduciary duty, plaintiff asserts that it adequately alleges that Ms. Shen "knew that Eric Shen's conduct constituted a breach of his fiduciary duty to plaintiff." Id. (citing SAC ¶ 75). Moreover, plaintiff alleges that Ms. Shen knew that plaintiff was the rightful owner of the funds, that she intended to deprive plaintiff of its ownership of the funds, and that she knowingly received plaintiff's funds at an undisclosed offshore account for the purpose of concealing the transfer from plaintiff. Id. at 21–22 (citing SAC ¶¶ 58, 2, 28). With respect to plaintiff's second claim for fraudulent concealment, plaintiff argues that it adequately alleges that Ms. Shen "knowingly received the fraudulent transfers at an undisclosed offshore account for the purpose of rendering them undetectable by plaintiff" and that she knowingly facilitated the transfer and assisted in making the transfer undetectable. Id. at 23 (citing SAC ¶¶ 2, 19, 26–28, 54, 58, 67, 24). Plaintiff further argues that knowledge may be alleged generally. Id. at 24.

Under California law, "[l]iability may ... be imposed on one who aids and abets the commission of an intentional tort if the person ... [1] *knows* the other's conduct constitutes a breach of duty and [2] gives *substantial assistance* or encouragement to the other to so act." Saunders v. Superior Court, 27 Cal. App. 4th 832, 846 (1994) (emphasis added).

With respect to whether plaintiff adequately alleges actual knowledge, actual knowledge of the underlying fraud "may be averred generally." Allstate Ins. Co. v. Countrywide Fin. Corp., 824 F. Supp. 2d 1164, 1188 (C.D. Cal. 2011) (citing Fed. R.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL                 'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

Civ. Proc. 9(b) ("Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.")); see also In re First Alliance Mortgage Co., 471 F.3d 977, 993 (9th Cir. 2006) ("Although the California decisions on this subject may not be entirely consistent, we agree ... that aiding and abetting liability under California law, as applied by the California state courts, requires a finding of actual knowledge, [but] not specific intent."). Although "this obviates the necessity of pleading detailed facts supporting allegations of knowledge, it does not relieve a pleader of the burden of alleging the nature of the knowledge a defendant purportedly possessed." Neilson v. Union Bank of California, 290 F. Supp. 2d 1101, 1119 (C.D. Cal 2003). When pleading an aiding and abetting claim, "this must be actual knowledge of the primary violation." Id. (citation omitted). In this case, therefore, plaintiff must plead that Ms. Shen had actual knowledge of Shen's fraudulent activity and breach of fiduciary duty. Upon a review of the pertinent allegations, the Court concludes that plaintiff's operative complaint sufficiently pleads Ms. Shen's actual knowledge of Shen's concealed misappropriation of funds and breach of his fiduciary duty to plaintiff.

Plaintiff's SAC is not like that in Casey, where the plaintiff failed to plead actual knowledge with sufficient specificity by "essentially alleg[ing] the banks knew something fishy was going on with the accounts opened by the [tortfeasors]." Id. at 1149. Instead, the facts alleged are more analogous to cases in which the plaintiff was found to have alleged actual knowledge with sufficient particularity. See, e.g. Gonzales v. Lloyds TSB Bank, PLC, 532 F. Supp. 2d 1200, 1207 (C.D. Cal. 2006) ("Because Rule 9(b) provides that 'malice, intent, knowledge, and other condition of mind may be averred generally,' and because Plaintiffs have alleged facts in support of their allegation of knowledge, the Court finds that Plaintiffs have more than adequately satisfied Rule 9(b)'s pleading requirements for knowledge."); Mosier v. Stonefield Josephson, Inc., No. CV 11-2666 PSG EX, 2011 WL 5075551, at *8 (C.D. Cal. Oct. 25, 2011) (distinguishing Casey and finding that plaintiff adequately pled actual knowledge of the underlying intentional tort); see also Neilson, 290 F. Supp. 2d at 1120–21 ("[The complaint] alleges, in particular, that the Banks utilized atypical banking procedures to service defendant's accounts, raising an inference that they knew of the Ponzi scheme and sought to accommodate it by altering their normal ways of doing business. This supports the general allegations of knowledge."). Here, in relation to plaintiff's breach of fiduciary duty claim, plaintiff alleges that "Yufen Shen knew that Eric Shen's conduct constituted a *breach of fiduciary duty to plaintiff.*" SAC ¶ 75 (emphasis added). Moreover, one could

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL           'O'

| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

reasonably infer that Ms. Shen had actual knowledge of a fiduciary duty between Shen and plaintiff insofar as Shen—Ms. Shen's then-husband—managed plaintiff's business operations in Mexico. In relation to plaintiff's fraudulent concealment claim, plaintiff further alleges that "both [defendants] knew that Plaintiff was the rightful owner and both intended to deprive plaintiff of its ownership of the funds," id. ¶ 58, and that Ms. Shen kept her Taiwan account secret for the purpose of furthering defendants' plan to defraud plaintiff by failing to file a Report of Foreign Bank and Financial Accounts and by failing to report income from the account to the IRS. See id. ¶¶ 26, 28, 67. Ms. Shen's actual knowledge with respect to fraudulent concealment is bolstered by this allegation that Ms. Shen failed to report the receipt of funds in violation of applicable law and of her "heightened duties and responsibilities as an IRS agent." See id. ¶ 26. In light of such allegations, the Court finds that plaintiff sufficiently pleads Ms. Shen's knowledge of Shen's breach of fiduciary duty and fraudulent concealment.

With respect to whether plaintiff adequately pleads substantial assistance in support of its claim for fraudulent concealment, the Court finds that the operative complaint adequately pleads substantial assistance. Plaintiff alleges that Ms. Shen "knowingly facilitated and consented to Eric Shen receiving the necessary wire information and authorization to deposit funds in [her] Taiwan account." SAC ¶ 19. Moreover, plaintiff alleges that Ms. Shen assisted in concealing the transfer by failing to report the existence of this account to United States government authorities, as required by law. Id. ¶ 67. In Casey the court noted that "even 'ordinary business transactions' a bank performs for a customer can satisfy the substantial assistance element of an aiding and abetting claim if the bank *actually knew* those transactions were assisting the customer in committing a specific tort. *Knowledge is the crucial element*." Casey, 127 Cal. App. 4th 1138 at 1145 (emphasis added). Accordingly, plaintiff's allegation that Ms. Shen accepted unauthorized wire transfer satisfies the substantial assistance element of plaintiff's aiding and abetting claims insofar as Ms. Shen *actually knew* that the transfers assisted Shen in fraudulent concealment of plaintiff's funds. Ms. Shen asserts that causation is an essential element of an aiding and abetting claim, and that plaintiff fails to adequately demonstrate that Ms. Shen *actively participated* with Shen at the time of the alleged transfers to make them undetectable. Yufen Reply at 12. However, insofar as plaintiff must allege that Ms. Shen's "encouragement or assistance is a substantial factor in causing the resulting tort," see Neilson, 290 F. Supp. 2d 1101 at 1135 (citation omitted), the Court finds that Ms. Shen's alleged participation in accepting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:17-cv-002255-CAS(JCx) | Date | December 11, 2017 |
| Title | ALUMINICASTE FUNDICION DE MEX. S. DE RL CV v. YU FEN SHEN ET AL. | | |

unauthorized transfers into her secret Taiwan account, coupled with the alleged knowledge of Shen's fraudulent transfer, demonstrate that Ms. Shen provided assistance that was a substantial factor in causing the alleged harm to plaintiff. Ms. Shen's alleged actions were not merely "failure[s] to act." See Yufen Reply at 12. To the contrary, plaintiff alleges that Ms. Shen purposefully accepted plaintiff's funds with the knowledge that Shen was engaging in fraudulent conduct.

Thus, under the relevant standards established by California law, the Court finds that plaintiff adequately pleads both Ms. Shen's actual knowledge of Shen's fraudulent concealment and breach of fiduciary duty, as well as Ms. Shen's substantial assistance in support of Shen's fraudulent concealment. Accordingly, the Court declines to dismiss plaintiff's claims against Ms. Shen for aiding and abetting fraudulent concealment and breach of fiduciary duty.

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendants' motions to dismiss plaintiff's claims. Defendants shall file an answer **within twenty-one (21) days** of the filing of this order.

IT IS SO ORDERED.

|  | 00 | 38 |
|---|---|---|
| Initials of Preparer | CMJ | |